2024 PA Super 54

| | | |
|---|---|---|
| IN RE: TRUST OF JOHN S. MIDDLETON, SETTLOR DATED JULY 26, 1996 SUR TRUST FOR JOHN P. MIDDLETON | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN S. MIDDLETON | : : : | |
| | : | No. 2006 EDA 2022 |

Appeal from the Order Entered July 7, 2022
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2018-X3959

BEFORE: BENDER, P.J.E., LAZARUS, J., and NICHOLS, J.

OPINION BY BENDER, P.J.E.: **FILED MARCH 25, 2024**

John S. Middleton ("Settlor") appeals from the order entered on July 7, 2022, in the Court of Common Pleas of Montgomery County Orphans' Court, sustaining co-trustees' numerous preliminary objections on the grounds that Settlor lacks standing to participate in the pending proceedings related to an irrevocable trust. After careful review, we are constrained to quash the appeal.

We glean the following relevant facts and procedural history from the record. Settlor established an *inter vivos*, irrevocable trust under an agreement dated July 26, 1996 ("Trust Agreement") for the benefit of his children, John P. Middleton ("John P.") and Frances B. Middleton ("Frances"). Pursuant to its terms, on the fifth anniversary of the Trust Agreement's execution, the principal of the trust was divided into two equal, separate trusts

— one for the primary benefit of John P., and the other for the primary benefit of Frances. The separate trust for John P. is referred to herein as the "Trust." John P. is unmarried, without issue, and is the sole current beneficiary of the Trust. Settlor did not retain any interest in the Trust under the Trust Agreement. Larry P. Laubach ("Laubach") and John P. are currently serving as co-trustees of the Trust.

On October 31, 2018, Laubach filed an account of the Trust's administration ("First Account") with the orphans' court. After several continuances, an audit of the First Account was conducted on December 2, 2019. On December 17, 2019, Laubach and John P. entered into an agreement which purportedly resolved all issues between the two co-trustees associated with the First Account and Laubach's administration of the Trust ("Settlement Agreement"). Frances — a remote contingent beneficiary of the Trust — refused to sign the Settlement Agreement, which prompted Laubach to file a petition for approval of the Settlement Agreement ("Settlement Approval Petition").[1] In response, Settlor filed an answer and new matter, to

_____

[1] As explained in the petition, the Settlement Agreement included, but was not limited to, the following: (a) the resignation of Laubach from his position as a trustee; (b) the revocation of any purported prior appointments of a successor trustee executed by Laubach; (c) the waiver of any right that Laubach may have to designate his successor as trustee of the Trust; (d) the designation, appointment, and acceptance of Bessemer Trust Company, N.A. ("Bessemer") as successor trustee of the Trust; (e) approval of the First Account; and (f) waiver of the right to object to the First Account and all transactions of the Trust during Laubach's period of administration. Settlement Approval Petition, 2/18/20, at ¶ 24.

- 2 -

which Laubach and John P. both filed preliminary objections, asserting that Settlor does not have standing to participate in the proceeding.

On September 24, 2020, John P. filed an emergency petition to summarily remove Laubach as co-trustee of the Trust and to confirm the appointment of Bessemer as successor co-trustee ("Removal Petition").[2] Settlor filed a response to the Removal Petition; John P. filed preliminary objections, again challenging Settlor's standing to participate.

On December 30, 2020, Laubach filed a second and final account for the Trust ("Second Account"), which also sought approval of the Settlement Agreement and currently remains pending before the orphans' court. Settlor filed objections to the Second Account ("Settlor's Objections"). Laubach and John P. filed preliminary objections to Settlor's Objections, in which they both asserted once again that Settlor lacks standing. OCO at 4.

After giving each of the parties the opportunity to brief the issue of Settlor's standing, the orphans' court determined that Settlor does not have standing to participate in the pending proceedings concerning the Trust and entered an order on July 7, 2022, *inter alia*, striking the pleadings filed by Settlor. *Id.* at 4-5. Settlor filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The orphans' court filed a responsive Rule 1925(a)

---

[2] "By order dated November 20, 2020, the [orphans' c]ourt determined that the petition did not establish a need for relief on an emergency basis; the petition remains pending before the [c]ourt." Orphans' Court Opinion ("OCO"), 10/3/22, at 4 n.2.

opinion on October 3, 2022, in which it opines that Settlor has appealed from an interlocutory order and urges this Court to quash the appeal. *Id.* at 1-3.

Herein, Settlor presents the following issues for our review:

1. Whether the orphans' court erred in sustaining the preliminary objections and striking Settlor's Objections to the Second Account and the answer and new matter to [the Settlement Approval] Petition … when Settlor is "entitled to fundamental information about the [T]rust's administration" and Settlor exercised his statutory right under 20 Pa.C.S.[] § 7780.3(a), but was refused by both co-trustees, and Settlor then properly raised the demand for such information in his pleadings?

2. Whether the orphans' court erred in sustaining the preliminary objections and dismissing Settlor's Objections to the Second Account, the answer and new matter to [the Settlement Approval] Petition…[,] and the answer to [the Removal] Petition … because Settlor had the statutory right to participate in proceedings related to the removal of a trustee under 20 Pa.C.S.[] § 7766?

Settlor's Brief at 14 (unnecessary capitalization omitted).

On September 13, 2022, we issued a rule directing Settlor to show cause why the July 7, 2022 order is appealable. Settlor filed a timely response stating that the order is appealable under Pa.R.A.P. 342(a)(4), (5), (6), (8), and Pa.R.A.P. 313. By *per curiam* order dated October 19, 2022, the rule to show cause was discharged, allowing the appeal to proceed. *See Per Curiam Order*, 10/19/23 (single page) (notifying the parties that the ruling is not binding on this Court as a final determination of the propriety of the appeal and that the issue of appealability may be revisited by the merits panel).

Hence, we begin our review by examining whether this appeal is properly before us, as "[t]he appealability of an order directly implicates the

jurisdiction of the court asked to review the order." *See Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citing *Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 331 (Pa. Super. 2004)). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Id.* (citing *Kulp v. Hrivnak*, 765 A.2d 796, 797 (Pa. Super. 2000)). It is well-settled that "[a]n appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa. Super. 2010) (citations and quotation marks omitted).

Instantly, the order from which Settlor appeals is not a final order, as the First and Second Accounts, the Removal Petition, and the Settlement Approval Petition remain pending before the orphans' court. *See* Pa.R.A.P. 341 (defining "final order" as one that "disposes of all claims and of all parties"); OCO at 1 ("The issues presented in this case concerning the confirmation of accounts, the requested approval of a settlement agreement, the resignation of a trustee[,] and the appointment of a successor trustee … remain pending."). Moreover, we observe that the order in question was not certified as a final order in accordance with Pa.R.A.P. 341(c), nor did Settlor seek permission to appeal the order pursuant to Pa.R.A.P. 312.

Next, we consider whether the July 7, 2022 order is appealable as of right. Rule 342 of the Pennsylvania Rules of Appellate Procedure governs the

appealability of interlocutory orphans' court orders and provides, in relevant part:

> **(a)** **General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>
> (4) An order interpreting, modifying, reforming or terminating a trust;
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property;
>
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
>
> (8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

We agree with the orphans' court that its July 7, 2022 order does not fall within any of the categories enumerated in Rule 342(a). **See** OCO at 2. Nonetheless, because Settlor claims in his response to our rule to show cause that the order is immediately appealable as of right pursuant to subsections (a)(4), (5), (6), and (8) of this rule, we address these provisions in further

detail herein. Initially, Settlor surmises that the orphans' court "interpreted" the Trust Agreement in reaching its conclusion that he lacked standing to participate in the pending proceedings. Response Letter, 9/27/22, at 3. He further avers that the Uniform Trust Act ("UTA"), 20 Pa.C.S. §§ 7701-7790.3, entitles him to information regarding the Trust's administration[3] and permits him to seek removal of a trustee.[4] *Id.* (citations omitted). Yet, Settlor maintains that, despite these provisions, the orphans' court "determined [his] status under the Trust" and found that he had "no interest in the Trust or its assets[.]" *Id.* He therefore concludes that subsections (a)(4), (5) and (6) apply. *Id.* at 3-4. We disagree.

First, we reject Settlor's contention that the July 7, 2022 order constitutes "[a]n order interpreting … a trust[.]" *See* Pa.R.A.P. 342(a)(4). To the contrary, the order in question merely sustained Laubach's and John P.'s preliminary objections to Settlor's filings based on its finding that Settlor lacks standing to participate in the underlying proceedings. *See* OCO a 4-5 ("By [o]rder dated July 7, 2022, the [c]ourt determined that Settlor does not have standing to participate in the pending proceedings concerning the … Trust and ordered that the pleadings filed by Settlor in this matter be stricken."). The

---

[3] *See* 20 Pa.C.S. § 7780.3(a) ("A trustee shall promptly respond to a reasonable request by the settlor of a trust … for information related to the trust's administration.").

[4] *See* 20 Pa.C.S. § 7766(a) ("The settlor … may request the court to remove a trustee….").

orphans' court was not required to "interpret" the Trust Agreement in reaching its decision. As John P. set forth in his objections:

> "Standing requires a party to have a substantial interest in the subject matter of the litigation; the interest must be direct; and the interest must be immediate and not a remote consequence." ***Rock v. Pyle***, 720 A.2d 137, 142 (Pa. Super. 1998)…. "[A] person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain judicial resolution of his challenge." ***Wm. Penn Parking Garage, Inc. v. City of Pittsburgh***, 346 A.2d 269, 280 ([Pa.] 1975).

Preliminary Objections to Settlor's Answer and New Matter to Settlement Approval Petition, 6/15/20, at ¶ 40. John P. further averred that Settlor has no beneficial interest in the Trust; has no substantial, direct, or immediate interest in the outcome of the pending proceedings; and would not be adversely affected by the approval of the Settlement Agreement or confirmation of the accounts as filed. ***Id.*** at ¶¶ 44, 46; Preliminary Objections to Settlor's Answer to Removal Petition, 11/2/20, at ¶¶ 5, 12; Preliminary Objections to Settlor's Objections to Second Account, 2/22/21, at ¶¶ 5, 20.

In response, Settlor admitted that he is not a beneficiary of the Trust, but denied having "no interest" in the Trust. Answer to Preliminary Objections, 11/23/20, at ¶ 5. Significantly, Settlor does not point to any specific terms of the Trust Agreement which grant him an interest in the Trust or that would permit him to participate in the underlying proceedings. He only avers that he has a **statutory** right to enforce the Trust. ***See id.***; Answer to Preliminary Objections, 3/15/21, at ¶¶ 5, 20. ***See also*** Memorandum of Law in Opposition to Preliminary Objections, 2/1/21, at 15 (asserting that Sections

7766(a) and 7780.3 of the UTA grant Settlor standing to participate in the pending proceedings regarding the Trust). Thus, there is no dispute between the parties requiring the court's "interpretation" of the Trust Agreement.

Instead, it is evident that the orphans' court's determination regarding Settlor's standing was largely based on its analysis of the statutory rights asserted by Settlor. **See** OCO at 12-13 (explaining that Settlor's reliance on Section 7780.3 to support his position that he has standing to participate in the proceedings is misplaced); **id.** at 13-14 (concluding that a settlor's right to seek removal of a trustee under Section 7766(a) does not confer upon Settlor standing in the proceedings currently pending before the orphans' court). **See also id.** at 14 (opining that "Settlor cannot bootstrap the right to request removal of a trustee under [Section] 7766(a) to expand his standing to allow him to participate in other proceedings concerning the Trust"); **id.** (noting that, here, "a request has been made **by another party** (John P.) to remove Laubach as trustee[,]" and stating that Section 7766(a) does not grant Settlor standing to intervene in another party's request to remove a trustee) (emphasis added). Based on the foregoing, we conclude that the order from which Settlor appeals does not fall within Rule 342(a)(4).

As to Settlor's assertion that the order is appealable under subsection (a)(5) because the order "determined Settlor's status," we note that (a)(5) expressly applies only to orders determining the status of "fiduciaries, beneficiaries, or creditors[.]" Pa.R.A.P. 342(a)(5). Settlor makes no claim that he is a fiduciary, beneficiary, or creditor of the Trust, nor are there any

facts of record to establish him as such.[5]  Likewise, we reject Settlor's claim that the order determined an interest in Trust assets and is therefore appealable under subsection (a)(6).  The July 7, 2022 order made no determination regarding the assets of the Trust.  To the contrary, it merely determined that Settlor has no standing to participate in confirmation of the accounts filed regarding the Trust or in approval of the Settlement Agreement entered between John P. and Laubach.  Moreover, we observe that Settlor has made no claim to any Trust assets.

Additionally, Settlor argues that Rule 342(a)(8) is applicable, which provides that an orphans' court order "is immediately appealable when it is otherwise appealable under Chapter 3 of the Rules of Appellate Procedure." Response Letter at 4 (citing Pa.R.A.P. 342(a)(8)).  By way of this catchall provision, Settlor points to Rule 311(a)(8), which states that an interlocutory order is appealable as of right if it is made final by statute or general rule.  *Id.* (citing Pa.R.A.P. 311(a)(8)).  He then suggests that the preliminary objections "were the functional equivalent of a request for declaratory relief[,]" and that the July 7, 2022 order "effectively awarded declaratory relief regarding [Settlor's] status and rights under the [Settlement Agreement] and the [UTA.]" *Id.*  Settlor concludes therefore that the order had "the force and

_____

[5] *See* 20 Pa.C.S. § 102 (defining "fiduciary" as including "personal representatives, guardians, and trustees, whether domiciliary or ancillary, individual or corporate, subject to the jurisdiction of the orphans' court division"); Answer to Preliminary Objections, 11/23/20, at ¶ 5 (Settlor's admitting that he is not a beneficiary of the Trust); OCO at 3 (indicating that John P. is the sole current beneficiary of the Trust).

effect of a final judgment or decree" under Section 7532 of the Declaratory Judgment Act, 42 Pa.C.S. §§ 7531-7541. *Id.* (citing 42 Pa.C.S. §§ 7532, 7533, 7535). In doing so, we believe that Settlor misconstrues the nature of the order from which he appeals.

The July 7, 2022 order made no declaration regarding Settlor's "status or rights" under the Trust Agreement or the UTA. It merely made the threshold determination that Settlor does not have standing to participate in the underlying proceedings, which remain pending before the orphans' court. No final judgment or decree has been entered. *See* OCO at 2 ("Indeed, two accounts of this Trust remain pending and [are] awaiting adjudication by this [c]ourt at this time."); *id.* at 4 n.2 (noting that the Removal Petition remains pending). Thus, we remain unconvinced that Rule 342(a)(8) applies here.

Finally, Settlor claims that the July 7, 2022 order is appealable as a collateral order under Pa.R.A.P. 313.

> A "collateral order" is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "All three elements must be satisfied to permit review of an interlocutory appeal under the collateral order rule." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004).

*In re Estate of Moskowitz*, 115 A.3d 372, 389 (Pa. Super. 2015). The collateral order doctrine must be narrowly applied. *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999) (citing *Digital Equipment Corporation v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). Our Supreme Court has

further emphasized that "[c]laims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. **Only those claims that involve interests deeply rooted in public policy can be considered too important to be denied review.**" *Id.* (emphasis added; internal quotation marks and citation omitted).

The order from which Settlor appeals does not meet all three prongs necessary to establish a collateral order. While the order may be separable from the main cause of action in the underlying proceedings, we cannot say that Settlor's claim involves interests deeply rooted in public policy. Rather, resolution of this matter is only important to the parties involved in this litigation. *See Jacksonian*, 862 A.2d at 1280 (explaining that, in determining whether the importance prong of the collateral order doctrine is met, "it is not sufficient that the issue be important to the particular parties…[. I]t must involve rights deeply rooted in public policy going beyond the particular litigation at hand.") (citation omitted). Hence, the instant order fails the importance prong of the collateral order rule. Because an order must satisfy all three prongs of the rule to qualify as a collateral order, *see id.* at 1282, we do not need to address the third prong.

Based on the foregoing, we conclude that the orphans' court's July 7, 2022 order is interlocutory and that the instant appeal is not properly before us. Accordingly, we are constrained to quash Settlor's appeal.

Nevertheless, even if we were to reach the merits of Settlor's claims, we would affirm the orphans' court's decision sustaining the preliminary objections to Settlor's filings in this matter on the grounds that he lacks standing. Notably, "[t]hreshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." **Rellick-Smith v. Rellick**, 147 A.3d 897, 901 (Pa. Super. 2016) (quoting **Johnson v. Am. Std.**, 8 A.3d 318, 326 (Pa. 2010)).

> In Pennsylvania, the doctrine of standing … is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. **In re Hickson**, … 821 A.2d 1238, 1243 ([Pa.] 2003)…. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." … [T]he core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

**Id.** (quoting **Office of Governor v. Donahue**, 98 A.3d 1223, 1229 (Pa. 2014)).

We have assessed the detailed and well-reasoned opinion of the Honorable Lois E. Murphy of the Court of Common Pleas of Montgomery County, Orphans' Court Division. Judge Murphy's opinion thoroughly explains her basis for finding that Settlor lacks standing to participate in the underlying

proceedings and for sustaining the preliminary objections. *See* OCO at 5-14. Specifically, Judge Murphy addresses Settlor's lack of standing under both Pennsylvania case law and the UTA. After considering relevant case law, she concludes that Settlor will not be impacted in any way by the outcome of the pending proceedings pertaining to the Trust, as he has no substantial, direct, or immediate interest in the Trust. *Id.* at 5-9. Additionally, Judge Murphy considers the UTA's recognition of a settlor's ability to participate, in limited circumstances, in the ongoing administration of non-charitable irrevocable trusts. *See id.* at 10-14 (citing, *inter alia*, 20 Pa.C.S. §§ 7780.3(a), 7766(a)). However, she determines that none of these circumstances are applicable here. *Id.* at 12.[6] Judge Murphy's decision is supported by ample, competent evidence in the record, and we would discern no error of law or abuse of discretion. Accordingly, we would adopt her opinion as our own, and we would affirm the order sustaining the preliminary objections.

Appeal quashed.

---

[6] We note that the orphans' court's ruling that Settlor lacks standing to participate in the pending proceedings concerning the Trust does not prevent Settlor from filing a petition under 20 Pa.C.S. § 7766(a), to seek the removal of a trustee. **See** OCO at 13-14 ("Settlor has suggested in his filings before the [o]rphans' [c]ourt that he has concerns about John P.'s fitness to serve as co-trustee of the Trust and was 'exploring whether to petition to remove John P. as co-trustee of the Trust' pursuant to 20 Pa.C.S. § 7766(a)."); *id.* at 14 (acknowledging that "Settlor has standing under [Section] 7766(a) to file a request to remove John P. as co-trustee[,]" and noting that "Settlor has not to date filed such a petition"). Nor does it prevent Settlor from making (or seeking enforcement of) a reasonable request for information concerning the administration of the Trust, pursuant to 20 Pa.C.S. § 7780.3(a).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2024

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
ORPHANS' COURT DIVISION**

**NO. 2018-X3959**

**IN RE: TRUST OF JOHN S. MIDDLETON, SETTLOR DATED JULY 26, 1996,
FOR THE BENEFIT OF JOHN P. MIDDLETON**

**OPINION FILED PURSUANT TO Pa. R.A.P. 1925(a)**

**MURPHY, A.J.**                                                                                  October 3, 2022

## I.     PRELIMINARY STATEMENT

This order is neither a final order under Pa. R.A.P. 341, nor an appealable Orphans'

Court order under Pa. R.A.P. 342, nor a collateral order under Pa. R.A.P. 313.

There is no question that this order, granting preliminary objections on the basis of

a lack of standing of the settlor of a trust, is a not a final order disposing of all claims

with respect to all parties. The issues presented in this case concerning the confirmation

of accounts, the requested approval of a settlement agreement, the resignation of a trustee

and the appointment of a successor trustee, and the resignation of a trust protector, remain

pending.

No application for determination of finality was filed with this Court under Pa.

R.A.P. 341(c), and this Court did not make a determination that this order is a final order.

Nor is the order appealed from a collateral order, which is defined as an order that

is "separable from and collateral to the main cause of action where the right involved is

1

A NOTICE, AS REQUIRED UNDER RULE 4.6, SENT ON 10/03/2022

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b).

The Order appealed from also is not an Appealable Orphans' Court Order under PA. R.A.P. 342. *See Estate of McAleer*, 194 A.3d 587 (Pa. Super. 2018). Pa.R.A.P. 342(a) provides as follows:

Rule 342. Appealable Orphans' Court Orders.

> (a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
> (2) An order determining the validity of a will or trust;
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
> (4) An order interpreting, modifying, reforming or terminating a trust;
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
> (6) An order determining an interest in real or personal property;
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
> (8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

This Court's Order of July 7, 2022, plainly does not confirm an account, authorize a distribution from an account, determine the validity of a will or trust, interpret a will or trust, modify or reform or terminate a trust, determine the status of fiduciaries, beneficiaries or creditors in an estate or trust, or determine an interest in real or personal property. Indeed, two accounts of this Trust remain pending and awaiting adjudication by this Court at this time.

2

This July 7, 2022 Order is an interlocutory order, and, pursuant to Pa.R.A.P. 312, 313, 341, and 342, appellant has no right to appeal the July 7, 2022 Order without permission of the Superior Court. Therefore, this Court respectfully suggests that the instant appeal should be quashed. Nevertheless, in the event that the Superior Court considers the merits of this appeal, this Court provides the following opinion.

## II.  BACKGROUND

On October 31, 2018, co-trustee Larry P. Laubach ("Laubach") filed a first account for the Trust of John S. Middleton, Settlor, dated July 26, 1996, sur Trust for John P. Middleton ("1996 Trust" or "Trust"). After several requests for continuances by the parties, this account was called for audit on December 2, 2019. The Trust is an irrevocable trust created by John S. Middleton, Settlor, for the benefit of his son, John P. Middleton ("John P.").

On December 17, 2019, Laubach and John P. entered into a settlement agreement which purports to resolve all issues between Laubach and John P. associated with the account and Laubach's administration of the Trust for the entire period of Laubach's service as trustee. Frances B. Middleton ("Frances"), Settlor's daughter and a remote contingent beneficiary of the Trust, refused to sign the settlement agreement, prompting Laubach to file a petition for approval of the settlement agreement. John P. is the sole current beneficiary of the trust.

The Trust provides that the trustee may, from time to time, pay to, or expend for the benefit of, John P. and his issue as much of the income and principal of the Trust as trustee, in trustee's absolute discretion, may deem appropriate to provide for such beneficiaries' education, medical care, or support in reasonable comfort. John P. is currently not married and has no issue.

3

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

John S. Middleton, the settlor of the trust ("Settlor"), filed an answer and new matter to the petition for approval of settlement agreement. Laubach and John P. each filed preliminary objections asserting that Settlor does not have standing to participate in the proceeding. Settlor and Frances each filed answers to the preliminary objections. On December 24, 2020, the Court issued an Order allowing any party wishing to be heard to brief the issue of whether Settlor has standing to file answers and other pleadings with respect to the outstanding petitions relating to the 1996 Trust and a separate Trust of John S. Middleton, Settlor, dated March 3, 2003, for the benefit of John P. Middleton ("2003 Trust"). The standing of Settlor with respect to the 2003 Trust is not at issue in the instant appeal.[1]

On September 24, 2020, John P. filed an emergency petition to summarily remove Laubach as co-trustee and to confirm the appointment of Bessemer Trust as successor trustee.[2] Settlor filed a response to this petition. John P. filed preliminary objections, again challenging Settlor's standing to participate.

A second account filed for the 1996 Trust was called for audit on February 1, 2021. Settlor filed objections to this account. Laubach and John P. filed preliminary objections, asserting that Settlor does not have standing to participate in that proceeding.

By Order dated July 7, 2022, the Court determined that Settlor does not have standing to participate in the pending proceedings concerning the 1996 Trust and ordered

---

[1] On September 20, 2022, John S. Middleton filed a notice of appeal to the Superior Court of the Orphans' Court order dated August 25, 2022, in *In re: Trust of John S. Middleton, Settlor, dated March 3, 2003, sur Trust for John P. Middleton* (O.C. No. 2020-X0633). The August 25, 2022 Order included, *inter alia*, a ruling that John S. Middleton does not have standing to participate in pending proceedings concerning the 2003 Trust.

[2] By Order dated November 20, 2020, the Court determined that the petition did not establish a need for relief on an emergency basis; the petition remains pending before the Court.

4

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

that the pleadings filed by Settlor in this matter be stricken.[3] Settlor has appealed the July 7, 2022 order.

### III. SETTLOR LACKS STANDING UNDER PENNSYLVANIA CASE LAW; SETTLOR DID NOT RETAIN ANY INTEREST IN THE TRUST

A party seeking judicial resolution of a controversy must establish that he or she has standing to maintain the action. *Pittsburgh Palisades Park v. Com.*, 888 A.2d 665, 659 (Pa. 2005); *Rock v. Pyle*, 720 A.2d 137, 142 (Pa. Super. 1998) (citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269 (Pa. 1975)). Standing requires that a party have an interest that is substantial, direct, and immediate. *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660. Standing is a "prudential, judicially-created tool meant to winnow out those matters in which the litigants have no direct interest in pursuing the matter". *In re Hickson*, 821 A.2d 1238, 1243 (Pa. 2003).

For an interest to be substantial, "there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d at 282. A "direct" interest requires that the party establish that the challenged conduct directly causes harm to his interest. *Id.; Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016); *In re Hickson*, 821 A.2d at 1243. A party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative. *Rellick-Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016) (citing *Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014)); *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660.

---

[3] The July 7, 2022 order also sustained preliminary objections filed by Laubach and John P. contending that Bruce A. Rosenfield does not have standing to participate with respect to the petition for approval of settlement agreement; the response filed by Rosenfield to that petition was stricken. That holding is not at issue in the instant appeal.

5

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

"The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion. If the individual 'is not adversely affected in any way by the matter he seeks to challenge [, he] is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge.'" *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660, quoting *In re Hickson*, 821 A.2d at 1243; *see also William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d at 280-281; *Markham v. Wolf*, 136 A.3d at 140.

Settlor has not alleged facts that establish that he is aggrieved, i.e., that he has a substantial, direct, and immediate interest in the outcome of the pending proceedings, and critically, that he would be adversely impacted or substantially harmed by the Court's resolution of the pending proceedings.

Although Settlor created the Trust, this Trust is an irrevocable trust and Settlor did not retain any beneficial interest in the Trust and will not be impacted in any way by the outcome of any of the currently pending proceedings. Not only did Settlor not retain any beneficial interest, he also expressly relinquished any right to revoke or modify the trust, and any right to serve as or name any successor trustee of the trust. The trust instrument expressly provides, in Article TENTH: "This Agreement of Trust is expressly stated to be irrevocable and subject to no modification." The trust instrument also includes provisions, in Article ELEVENTH, requiring the appointment of at least one "Non-Family Member Trustee" at all times after Lucia Hughes (the original trustee, who is no longer serving) is no longer serving as a trustee. A Non-Family Member Trustee is defined, in Article ELEVENTH of the Trust instrument, as:

> An individual or corporation who is neither a descendant of
> Settlor, nor married to a descendant of Settlor, nor a related

6

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> or subordinate party to Settlor or the primary beneficiary of
> any trust hereunder, as defined in I.R.C. Section 672(c).

*See* Trust Agreement, attached as Exhibit A to Petition for Adjudication, filed October 31, 2018, at docket number 2018-X3959.

A settlor is the party who creates a trust and establishes the provisions of the trust, and transfers property to a trustee for the benefit of one or more beneficiaries. There is no question that under Pennsylvania law, the settlor's intent as expressed in the provisions of the trust remains the polestar for interpretation of the trust. Importantly, the settlor's intent must be identified by examination of the language of the trust document itself, and not by any subsequent expressions or actions of the settlor. *See, e.g., In re Trust of Henry Orth Hirt, Settlor*, 832 A.2d 438, (Pa. Super. 2003). Where, as here, a settlor expressly provides that a trust shall be irrevocable, the settlor retains no right to revoke or modify the trust, and no right to name a successor trustee or to influence the administration of the trust in any way, following the creation of the trust. Indeed, a settlor of an irrevocable trust makes an irrevocable gift and in exchange assures certain tax treatment of the assets and income going forward. Where, as here, a settlor establishes a trust with the intent that the transfer of property to the trustee, to be held for the benefit of the beneficiaries, qualify as a completed gift for purposes of federal estate and gift taxes, settlor makes a deliberate decision at the time of the creation and funding of the trust, not to retain any right to control or manage the trust, to revoke the trust or to withdraw assets from the trust, and expressly gives up the right to control the assets, including by appointing any successor trustee.[4] The settlor who makes a transfer to an

---

[4] Notably, the rights and interests of a settlor of a revocable trust are substantially different from and distinguishable from the rights and interest of a settlor of an irrevocable trust.

7

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

irrevocable trust typically relinquishes all rights to withdraw or receive any benefit from the assets, and assures that the settlor will not be responsible for any taxes, including potentially, all income, estate and gift taxes related to the assets transferred. Here, Settlor expressly relinquished all rights to control the Trust as settlor, and Settlor has no interest as a beneficiary of the Trust, as a trustee or in any other capacity. He has no beneficial interest in the assets of the Trust and no stake in how they are administered. As a result, Settlor has no substantial, direct or immediate interest in the outcome of any of the pending proceedings pertaining to the Trust and therefore lacks standing to oppose or otherwise participate in these proceedings.

"The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975); *see also Rock v. Pyle*, 720 A.2d 137, 142 (Pa. Super. 1998) ("A person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter").

John P. is the sole current discretionary beneficiary of the Trust. The Pennsylvania Supreme Court has explicitly stated that no one except a beneficiary or one suing on his behalf can sue a trustee to enforce the trust or to enjoin or obtain redress for a breach of trust. *Thompson Coal Company v. Pike Coal Company*, 412 A.2d 466, 469 (Pa. 1979) (quoting Restatement (Second) of Trusts §200 (1959)). Once a settlor makes an irrevocable gift, i.e., funds an irrevocable trust, the settlor loses title to and interest in the assets and no longer has a stake in the trust. *Rock v. Pyle*, 720 A.2d at 142. Having relinquished title to the assets upon creation of an irrevocable trust, a settlor cannot

8

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

"establish any stake in the trust account," and "[a] person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter." *Id.*

Settlor will not be impacted in any way (let alone adversely) by the outcome of any of the proceedings. He has no beneficial interest in the Trust or its assets. He created and funded the Trust in 1996, but, as an irrevocable trust, he did not retain any interest in the Trust. Accordingly, he has no interest that is substantial, direct or immediate, and, therefore, lacks standing to participate.

In *Rosemary C. Ford*, this Court held, as affirmed by the Pennsylvania Superior Court, that Rosemary Ford, who was a contingent beneficiary, a creditor of the current beneficiary of the trust, and the settlor of the trust, did not have standing to bring an action to compel the trustee of the irrevocable trust to make the trust property income producing. This right was exclusively within the authority of the current beneficiary. *In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 2014-X2918, Slip. Op. at 5 (O.C. Montg., April 7, 2016). The Superior Court affirmed explaining that because Rosemary was not a current beneficiary or a creditor of the trust, she did not have standing in an action concerning the income of the trust (even though she was a creditor of the beneficiary of the trust). *In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 176 A.3d 992, 1000 (Pa. Super. 2017). On appeal, Rosemary argued that her status as settlor gave her "additional rights" over the trust, but the Superior Court disagreed, concluding that there is "no additional basis for standing" arising from Rosemary's status as settlor. *Id.* at n.10. Having chosen to create and fund an irrevocable trust, the settlor in her capacity as settlor had no further interest that gave her standing to challenge the trustee's decisions concerning the income of the trust.

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IV.   SETTLOR LACKS STANDING UNDER THE UNIFORM TRUST ACT

Consideration of the provisions of the Pennsylvania Uniform Trust act does not change the result of this analysis. As established above, Pennsylvania law is clear that, prior to the adoption of the Uniform Trust Act, the settlor of a non-charitable irrevocable trust did not, in his or her capacity as settlor, have a substantial, direct or immediate interest concerning the administration of a non-charitable irrevocable trust. This Court must now consider whether a settlor has standing to participate in proceedings concerning a trust because such standing is explicitly granted by statute.

The Uniform Trust Act ("UTA"), 20 Pa. C.S. §7701, *et. seq.* recongnizes a settlor's participation in the ongoing administration of non-charitable irrevocable trusts only in limited circumstances, none of which are applicable here.

Pursuant to UTA § 7780.3(a), a settlor has the right to request information related to a trust's administration and a trustee must "promptly respond to a reasonable request by the settlor of a trust … for information related to the trust's administration." 20 Pa. C.S. §7780.3(a). Settlor alleges that he demanded access to the books and records of the Trust pursuant to UTA § 7780.3(a), and that his request was denied and that the requested information has not been provided. A court order is not required for the trustees to produce materials in response to such a request. This issue has not yet been presented directly to this Court by petition. Pursuant to §7780.3(a), Settlor may have standing to file a petition to compel limited to the request for the production of information related to the trust's administration. However, Settlor's statutory right to request information does not give Settlor a substantial, direct or immediate interest that would create standing more broadly to participate in other matters related to the Trust. *See, In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 176 A.3d at 999-1000. The right to request information about

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the Trust does not generate a substantial, direct or immediate interest in the outcome of any of the pending proceedings.

The powers enumerated in the UTA do not grant a settlor the ability to enforce a non-charitable irrevocable trust generally. By contrast, the UTA does include provisions granting this power with respect to other types of trusts. For example, UTA §7735(c) provides that a "proceeding to enforce a *charitable* trust may be brought by the settlor during the settlor's lifetime." (emphasis added). With respect to revocable trusts, "the rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor while a trust is revocable." UTA §7753(a). There is no similar provision in the UTA or other Pennsylvania law granting a settlor standing to enforce a non-charitable irrevocable trust generally, leading to the conclusion that the Pennsylvania legislature intentionally and consciously chose not to grant such standing to the settlor of a non-charitable irrevocable trust such as the one before the court. Consequently, general enforcement of a non-charitable irrevocable trust resides with those who have standing to do so, the beneficiaries and trustees.

The UTA is largely based on the Uniform Trust Code ("UTC"). The Comments to both the UTA and UTC reflect that a settlor's standing to participate in proceedings concerning a non-charitable irrevocable trust is significantly limited.[5] For example, the Comment to UTC §103 (UTA §7703) states that "[w]hile the settlor of an irrevocable trust *traditionally has no continuing rights over the trust* except for the right under Section 411 to terminate the trust with the beneficiaries' consent, the Uniform Trust Code

---

[5] The Pennsylvania Prefatory Comment to the UTA provides that "[w]here the UTC provisions have been substantially retained in this chapter, the UTC comments are applicable to the extent of the similarity."

11

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

also authorizes the settlor of an irrevocable trust to petition for removal of the trustee and to enforce or modify a *charitable* trust" (emphasis added).

UTA §7780.3(a) grants a settlor the ability to make reasonable requests for information concerning the administration of a trust (charitable or non-charitable). This differs from UTC §813, which does not explicitly grant the settlor this right.

Settlor relies on a portion of the 2007 Pennsylvania Comment to UTA §7780.3 to support his position that he has standing to participate in the proceedings, but this reliance is misplaced. The Comment states that "the enforcement of a trust is left largely to its settlor while *sui juris*." However, the next sentence of the Comment says that "[b]eneficiaries of an irrevocable trust are entitled to request and receive information during the settlor's lifetime, but beneficiaries of a revocable trust are not entitled to request and receive information during the settlor's lifetime. See §7753(a)." When read as a whole, the statement that "enforcement of a trust is left largely to its settlor" must be construed to refer to revocable trusts, and not to non-charitable irrevocable trusts, especially given that Pennsylvania common law and many other provisions of the UTA expressly give only the beneficiaries and trustees the right to enforce non-charitable irrevocable trusts. If the Pennsylvania Legislature intended to allow the settlor of a non-charitable irrevocable trust to enforce such a trust during the settlor's lifetime, it would have included a provision stating this, as it did in UTA §7735(c), which explicitly permits the settlor of a charitable trust to file a petition to enforce a charitable trust. There is no statutory provision under UTA §7780.3, elsewhere in the Uniform Trust Act, the Probate, Estates and Fiduciaries Code or any other Pennsylvania law granting a settlor the right to enforce the terms of a *non-charitable* irrevocable trust. The only mention of a settlor's ability to enforce a trust is in the Comment to UTA §7780.3, which is not a statute or law.

12

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Where the UTA changed existing trust law, the Joint State Commission Comment recognized such changes. For example, the Comment to UTA §7735(c), which grants the settlor the right to petition to enforce a charitable trust, states that it was "[a]dopting the position of the UTC and *changing existing Pennsylvania law*" (emphasis added). Conversely, the Comment to §7780.3(a) does not state that it is deviating from established Pennsylvania law when it granted the settlor the right to request reasonable information concerning the trust administration. This Court concludes that the Legislature did not intend for UTA §7780.3(a) or the Comment to that section to overrule Pennsylvania case law, which is clear that a settlor of a non-charitable irrevocable trust lacks standing to participate in proceedings other than in those limited circumstances specifically granted in the statute.

The Restatement (Second) of Trusts states that "[n]o one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust." Restatement (Second) of Trusts §200 (1959), quoted by *Thompson Coal Company v. Pike Coal Company*, 412 A.2d at 469 (Pa. 1979).

The Restatement (Third) provides that, "absent contrary legislation," the settlor cannot "maintain a suit against the trustee to enjoin or redress a breach of trust or otherwise to enforce the trust[.]" Restatement (Third) of Trusts §94, Comment to Subsection (1). There is no statutory authority in Pennsylvania law that grants Settlor, with respect to this irrevocable, non-charitable trust, the right to participate in any of the pending proceedings.

UTA §7766(a) permits a settlor to request that the court remove a trustee. Settlor has suggested in his filings before the Orphans' Court that he has concerns about John

13

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

P.'s fitness to serve as co-trustee of the Trust and was "exploring whether to petition to remove John P. as co-trustee of the Trust" pursuant to 20 Pa.C.S. §7766(a).[6] Settlor claims that the only way he can obtain information he needs to assess whether to seek removal of John P. as trustee is by participating in the pending court proceedings.[7] While Settlor has standing under UTA § 7766(a) to file a request to remove John P. as co-trustee, Settlor has not to date filed such a petition. Moreover, this statutory right granted under the UTA to request removal of a trustee, does not confer upon Settlor standing to intervene in any other proceedings currently before the Court; Settlor cannot bootstrap the right to request removal of a trustee under §7766(a) to expand his standing to allow him to participate in other proceedings concerning the Trust.

In the instant case, a request has been made by another party (John P.) to remove Laubach as trustee. Settlor argues that the statutory right to seek removal of a trustee encompasses the right to participate in the pending request for the removal of Laubach as trustee. We disagree. While §7766(a) permits Settlor to make a request to remove a trustee, it does not grant him standing to block or defend against a request by a beneficiary or a trustee to remove a trustee. Although Settlor has a statutory right to seek removal of a trustee (including a request to remove Laubach), absent such a request by Settlor, Settlor may not use §7766(a) to engineer standing to intervene in a request made by another party.

---

[6] Memorandum of Law of John S. Middleton, Settlor, in Opposition to Preliminary Objections, p. 3, quoting Settlor's New Matter to Petition for Approval of Settlement Agreement.
[7] Memorandum of Law of John S. Middleton, Settlor, in Opposition to Preliminary Objections, p. 12.

14

Case# 2018-X3959-25.2 Received at Montgomery County Register of Wills Office on 10/03/2022 11:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that John S. Middleton, Settlor, does not have an ongoing interest in the Trust nor a statutory basis to participate in the current proceedings and therefore John S. Middleton lacks standing to participate in these proceedings. It is respectfully requested that this appeal should be quashed, or in the alternative, that the decision of this Court be affirmed.

BY THE COURT:

LOIS E. MURPHY                     A.J.

This Opinion e-filed October 3, 2022.
Copies emailed to counsel:

Secretary

15