TAMILIA, Judge:
 

 Raymond A. Haertsch, father of Carolyn J. Haertsch, appeals from the December 15, 1993 Order adjudicating Carolyn partially incapacitated and appointing Bernadette T. Haertsch limited permanent guardian of her 25-year old daughter.
 
 [1]
 
 The procedural aspects of this case date back to February, 1990, when both parents petitioned to be appointed guardian of their mildly mentally retarded daughter. The trial court found Carolyn to be incompetent and appointed the parents co-guardians, ordering her to live six months with each parent. Carolyn appealed this decision and this Court vacated the Order and remanded the matter, finding the trial court had not applied the proper standard regarding the adjudication of incompetency and the evidence presented was insufficient to establish Carolyn’s mental incompetency.
 
 Haertsch Estate,
 
 415 Pa.Super. 598, 609 A.2d 1384 (1992). On November 25, 1992, appellant filed a Petition for Adjudication of Incapacity and Appointment of Guardian
 
 [2]
 
 and, after two days of testimo
 
 *190
 
 ny, the court entered the Order from which father now takes this appeal.
 

 Father argues the court failed to consider his daughter’s best interests by appointing Bernadette, who has deliberately attempted to exclude him from Carolyn’s life, as her guardian. Appellant contends the court incorrectly appointed the guardian considering only Carolyn’s wishes and thereafter abused its discretion by failing to make any provision for him to visit with the daughter he raised by himself for 14 years and who has only lived with her mother since October, 1989.
 

 Once an individual has been found incapacitated within the meaning of 20 Pa.C.S. § 5501, Meaning of incapacitated person, and in need of guardianship services, it then becomes the court’s responsibility to appoint an individual to serve, granting limited or plenary powers consistent with the incapacitated person’s needs. When making the decision who shall so serve, the court may consider, in addition to all the evidence before it, the preference of the party.
 
 Id.,
 
 § 5511. The selection of a guardian for a person adjudicated incapacitated lies within the discretion of the trial court whose decision will not be reversed absent an abuse of discretion.
 
 In re Coulter’s Estate,
 
 406 Pa. 402, 178 A.2d 742 (1962).
 

 Our review of the record, including the trial court’s thorough, well-reasoned Opinion, indicates there has been no such abuse of discretion. The court carefully weighed all evidence presented, including extensive expert testimony, testimony of Carolyn’s admittedly concerned parents, a friend, her minister and Carolyn herself before rendering its decision.
 

 Turning to appellant’s allegation the trial court committed reversible error by failing to include in its Order a visitation provision, we find the court was under no mandate to so provide. Section 5512.1(b)(l — 4) provides a court fashioning an Order appointing a limited guardian may include in said Order
 

 (1) General care, maintenance and custody of the incapacitated person.
 

 
 *191
 
 (2) Designating the place for the incapacitated person to live.
 

 (3) Assuring that the incapacitated person receives such training, education, medical and psychological services and social and vocational opportunities, as appropriate, as well as assisting the incapacitated person in the development of maximum self-reliance and independence.
 

 (4) Providing required consents or approvals on behalf of the incapacitated person.
 

 Id.
 
 The Order providing for the guardianship of Carolyn is set forth in its entirety below:
 

 AND NOW, this 15th day of December, 1993, based upon the evidence received and the record, this Court finds by clear and convincing evidence that Carolyn J. Haertsch is adjudged a partially incapacitated person.
 

 The Court finds that Carolyn J. Haertsch suffers from minor mental retardation, a condition or disability which partially impairs her capacity to receive and evaluate information effectively and to make and communicate decisions concerning essential requirements for her physical health and safety.
 

 Bernadette T. Haertsch is hereby appointed Limited Permanent Guardian of the PERSON and shall have authority to act in behalf of Carolyn J. Haertsch, to provide for the general care, maintenance and custody of said incapacitated person. The Limited Permanent Guardian of the PERSON shall provide such training, education, medical and psychological services and social and vocational opportunities, as appropriate. The Limited Permanent Guardian of the PERSON shall assist said incapacitated person in the development of maximum self-reliance and independence. The Limited Permanent Guardian shall have authority to give consent for surgical or medical treatment except that which is excluded by 20 Pa.C.S.A. Section 5521(D). The Guardian of the PERSON shall file a Report on the social, medical and other relevant conditions required by 20 Pa.C.S.A. Section 5521(C).
 

 
 *192
 
 The aforementioned judicial determinations have taken into consideration the matters required by 20 Pa.C.S.A. Section 5512.1. The Court’s findings and conclusions are set forth in detail in the accompanying opinion.
 

 This Order complied with the trial court’s obligation to protect and provide for Carolyn’s best interests. It is clear that throughout this very carefully drawn legislation, it was intended that the incapacitated person be permitted the fullest degree of freedom and control over his/her physical and financial affairs. It goes without saying that a twenty-five year old mildly retarded woman has the capacity to make an informed decision about the person with whom she will live and whether or not she wishes to remain in touch with or visit an estranged parent. Unless the decision is irrational and results in a perceivable harm to the incapacitated person, the court should honor her wishes. In cases such as this, where a father appears to have lost the affection of his adult child because of his intransigence and lack of consideration for her apparently well-founded desires to be with her mother and practice her religion, the court rightfully should not compel her to abide by the father’s wishes. If the parties are unable to reach an amicable resolution regarding father’s desire to visit with his daughter after he has made a sincere attempt at reconciliation, perhaps aided by counseling, a review hearing pursuant to § 5512.2 Review hearing, is available. However, it is noted that a petition for review will be dismissed by the court if deemed frivolous. Because father appears sincerely concerned about his daughter and dedicated to assuring her well-being, this important and desirable support for her should not be discarded lightly. Neither should there be a continuous and upsetting adversarial relationship that is contrary to the daughter’s best interest.
 

 Based on the foregoing reasons of law and fact, we affirm the December 15, 1993 Order appointing mother as Carolyn’s guardian, without prejudice to appellant who may petition the court for visitation rights.
 

 Order affirmed.
 

 [1]
 

 . Carolyn Haertsch has not appealed this Order and, therefore, the adjudication of partial incapacity is not before this Court.
 

 [2]
 

 . On April 16, 1992, the Pennsylvania Legislature enacted new measures pertaining to persons now termed "incapacitated.” Act of April 16, 1992, P.L. 108, §6
 
 et seq.