J-S06033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE MATTER OF: ELIZABETH N. MCGUSTY, AN ALLEGED INCAPACITATED PERSON

APPEAL OF: ELIZABETH N. MCGUSTY

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 2699 EDA 2016

Appeal from the Order Entered July 20, 2016
in the Court of Common Pleas of Chester County Orphans' Court
at No(s): 1516-0113

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 01, 2017**

Appellant, Elizabeth N. McGusty, appeals from the order entered in the Chester County Court of Common Pleas appointing Appellant's adult sons, Appellee, James C. McGusty, Jr., and Edwin A. McGusty plenary guardians of Appellant's person and Appellee as the sole plenary guardian of Appellant's estate. Appellant contends that the trial court erred by failing to properly consider her testimony regarding her sons. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. *See* Trial Ct. Op., 10/10/16, at 1-3. In this timely appeal, Appellant raises the following issue for review: "Did the trial court commit an abuse of discretion when it failed to properly account for or consider the testimony of Appellant as it related to the appointment of her adult sons as

---

[*] Former Justice specially assigned to the Superior Court.

plenary guardians of her person, and [Appellee] as guardian over the estate?" Appellant's Brief at 9.

Appellant argues that the trial court failed to properly consider her testimony regarding her "distrust of and objection to the appointment of her sons as co-guardians of her person and Appellant as plenary guardian of her estate." *Id.* at 13. To this end, Appellant specifically points to her testimony regarding her sons purported lack of interest in caring for her daily needs. *Id.* at 18. She also cites her previous refusal to grant her sons a durable power of attorney as evidence of her continual distrust. We conclude no relief is due.

Our standard of review is well settled:

> The findings of a judge of the [O]rphans' [C]ourt division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and adequate evidence. However, we are not limited when we review the legal conclusions that the Orphans' Court has derived from those facts.

*In re Estate of Cherwinski*, 856 A.2d 165, 167 (Pa. Super. 2004) (quoting *In re Estate of Schultheis*, 747 A.2d 918, 922 (Pa. Super. 2000)).

The appointment of a guardian lies within the sound discretion of the trial court. ***Estate of Haertsch***, 649 A.2d 719, 720 (Pa. Super. 1994). "Discretion must be exercised on the foundation of reason. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***In re Duran***, 769 A.2d 497, 506 (Pa. Super. 2001) (quoting ***Harman ex rel. Harman v. Borah***, 756 A.2d 1116, 1123 (Pa. 2000)).

The Pennsylvania Decedents, Estates and Fiduciaries Code provides:

> **(f) Who may be appointed guardian.--**The court may appoint as guardian any qualified individual, a corporate fiduciary, a nonprofit corporation, a guardianship support agency under Subchapter F (relating to guardianship support) or a county agency. . . . **If appropriate**, the court shall give preference to a nominee of the incapacitated person.

20 Pa.C.S. § 5511(f) (emphasis added).

If a guardianship nominee is also named in a durable power of attorney for an incapacitated person, that individual should receive particular consideration. ***In re Sylvester***, 598 A.2d 76, 83-84 (Pa. Super. 1991).

In the case *sub judice*, we note that Appellant had not executed a durable power of attorney in favor of anyone. Accordingly, the trial court did not err by failing to consider that Appellee was not previously named as Appellant's agent. ***See id***. Further, the trial court specifically noted its consideration of Appellant's testimony:

> As the record of the proceedings reflects, the court has taken great care to consider the needs and desires of [Appellant]. By way of example, the court took care to: appoint counsel for [Appellant], allow [Appellant] additional time to obtain an "independent" evaluation of her capacity, and receive into evidence the direct testimony of [Appellant] at both of the proceedings. As the court told [Appellant] directly at the close of the second hearing, although it was required under the law to rule as it did, "I do understand you. I understand what you are saying and I respect your views."

Trial Ct. Op. at 5.

We conclude that the trial court aptly considered the evidence presented, including Appellant's testimony. *See In re Estate of Cherwinski*, 856 A.2d at 167. Therefore, we hold that the trial court did not abuse its discretion by naming Appellee and Edwin A. McGusty as the plenary co-guardians of Appellant's person and Appellee as the sole plenary guardian of Appellant's estate. *See Estate of Haertsch*, 649 A.2d at 720; *In re Duran*, 769 A.2d at 506. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2017

- 4 -