J-S13030-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: M.E.K., AN ALLEGED INCAPACITATED ADULT INDIVIDUAL | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL KRONENWETTER | : : : : : : | No. 1362 WDA 2018 |

Appeal from the Order Entered August 20, 2018
In the Court of Common Pleas of Elk County
Orphans' Court at No(s):  No. 2018-0029

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                          FILED MAY 31, 2019

Michael Kronenwetter ("Father") appeals from the order entered August 20, 2018, in the Elk County Court of Common Pleas, Orphans' Court Division, finding his adult son, M.E.K., to be an incapacitated person and appointing Teri A. Burgeson, M.E.K.'s mother ("Mother"), as permanent guardian of his person and estate.  On appeal, Father contends the orphans' court abused its discretion when it appointed Mother as M.E.K.'s permanent guardian.  For the reasons below, we remand for a more detailed orphans' court opinion.

As noted above, this appeal involves guardianship proceedings instituted on May 14, 2018, by Father, seeking (1) an adjudication of incapacity for his adult son, M.E.K., and (2) appointment as M.E.K.'s permanent guardian.  The petition alleged that M.E.K., now 24 years old, was diagnosed with Down's Syndrome at birth, and is "unable to make and communicate responsible decisions about his person and estate" without the

_____
* Retired Senior Judge assigned to the Superior Court.

assistance of Father and Mother. Petition for Adjudication of Incapacity and Appointment of Emergency and Permanent Guardian of the Estate and Person, 5/14/2018, at ¶ 18.

An initial hearing was held on June 28, 2018, before the Honorable Richard Masson, President Judge of the Elk County Court of Common Pleas. Two witnesses testified at that hearing regarding the services provided to M.E.K.: Tonya Hildebrant, his intellectual disability supports coordinator since 2005, and Jennifer Greenthaner, a community program specialist. M.E.K.'s individual support plan, prepared by Hildebrant in April of 2018, was entered into evidence as Petitioner's Exhibit 2. Father offered into evidence the deposition of M.E.K.'s family physician, Robert J. Schmidt, M.D., however, Mother objected because she claimed she did not receive notice of the deposition. The court took the matter under advisement. Because the court was unable to hear the testimony of Father and Mother, the matter was relisted for August 20, 2018. The Order scheduling the hearing specifically stated that the issues regarding the admission of Dr. Schmidt's deposition would be addressed at the reconvened hearing.

The August 20, 2018, hearing was presided over by visiting Senior Judge David E Grine. Both Mother and Father testified, and two exhibits were entered into evidence: (1) Petitioner's Exhibit 3, an individual education plan (IEP) for M.E.K. dated October 16, 2012, and (2) Burgeson Exhibit 1, a Power of Attorney signed by M.E.K. on March 9, 2012, appointing Mother as his agent. The admissibility of Dr. Schmidt's deposition was never discussed on

the record, and the notes of testimony do not indicate that it was admitted into evidence, although the original deposition is in the certified record. At the conclusion of the hearing, Senior Judge Grine entered an order (1) declaring M.E.K. an incapacitated person, (2) appointing Mother as the permanent guardian of his person and estate, and (3) directing the parties to "attempt to work out an appropriate schedule in the best interests of M.E.K." Order, 8/20/2018.

Father subsequently filed this timely appeal. On September 27, 2018, the orphans' court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Father complied with the court's directive, and filed a concise statement on October 15, 2018, asserting the orphan's court abused its discretion in appointing Mother as M.E.K.'s permanent guardian when Father testified he was ready, willing and able to be M.E.K.'s guardian.[1] Father also argued the court abused its discretion in not appointing Mother and Father as joint guardians, when it directed them to work out an appropriate schedule for M.E.K. See Concise Statement of Errors Complained Of On Appeal, 10/15/2018, at 1-2.

In response, the orphans' court filed the following opinion:

> AND NOW, this 19 day of November, 2018, this Court has received [Father's] Statement of Matters Complained of on Appeal. The Court would rely on its Order of August 20, 2018 and briefly expound on a few matters.

_____

[1] Father raises another issue on appeal, which does not require the assistance of a trial court opinion to resolve.

- 3 -

"The Court may appoint as guardian any qualified individual, a corporate fiduciary, a nonprofit corporation, a guardianship support agency under Subchapter F (relating to guardianship support) or a county agency." 20 Pa.C.S.A. § 5511(f). After a hearing on this matter the Court appointed the natural mother, Teri A. Burgeson as the permanent guardian. From the evidence presented, including a power of attorney recognized by both parents, Teri A. Burgeson was the most qualified individual and/or entity to provide continuing care, adequately act in M.E.K.'s best interests, and when applicable effectuate his decisions. The Court also noted [Father's] significant role in M.E.K.'s life, especially in regards to M.E.K.'s remarkable athletic endeavors. Therefore, the Court ordered both parents to work together for M.E.K.'s continued benefit by establishing a schedule for M.E.K.

The Court relies on its previous opinion in this matter and respectfully requests that the decision remain undisturbed.[2]

Orphans' Court Opinion, 11/19/2018, at 1.

As noted above, Father's issue on appeal challenges the underlying bases for the court's appointment of Mother as M.E.K.'s permanent guardian. It is well-established that "[t]he selection of a guardian for a person adjudicated incapacitated lies within the discretion of the trial court whose decision will not be reversed absent an abuse of discretion." Estate of Haertsch, 649 A.2d 719, 720 (Pa. Super. 1994).

Unfortunately, based on the sparse opinion filed by Senior Judge Grine, we are unable to determine whether his order appointing Mother as M.E.K.'s permanent guardian constituted an abuse of discretion. Indeed, Senior Judge Grine does not indicate in his opinion whether he reviewed the notes of

_____

[2] We have been unable to locate any "previous opinion" in the record. The only other filing by the orphans' court in this matter is the August 20, 2018, order, which does not provide any basis for the court's ruling.

testimony from the June 28th hearing, presided over by President Judge Masson, or any of the exhibits entered at that hearing. Moreover, we are particularly troubled by the court's reference to the power of attorney as a reason to appoint Mother as guardian, when Mother confirmed that M.E.K. read at a first-grade level in 2012, when the document was executed. See N.T., 8/20/2018, at 82.

The lack of a more complete explanation of the facts upon which the court relied to reach its decision that M.E.K. is an incapacitated person, and Mother is the most qualified individual to serve as his guardian and move M.E.K. to North Carolina, severely impedes our ability to review Father's appeal and determine if the court has complied with the requirements of 20 Pa.C.S. § 5512.1(a), (c), and (e).

Accordingly, we remand this case to the orphans' court to issue a more detailed explanation of the reasons for its decision, and the facts relied upon to reach that decision, within 45 days of the receipt of the certified record. In particular, we direct the court to explain the weight it gave to the power of attorney given the intellectual disability of M.E.K. at the time he purportedly signed the document.

Case remanded for further proceedings consistent with this Memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/31/2019