J-A06027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: C.B., AN INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 486 WDA 2025 |

Appeal from the Order Entered March 21, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): OC-2022-01481

BEFORE: OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.: **FILED: MARCH 23, 2026**

M.B. (Appellant) appeals from the order denying his petition for a review hearing, seeking visitation with his adult biological daughter, C.B., who is an incapacitated person.[1] After careful review, we vacate and remand for further proceedings.

The orphans' court summarized the history underlying this appeal as follows:

> This matter concerns the guardianship of C.B., an adjudicated incapacitated person, [who is] an adult individual aged 19 years []. C.B. resides with her mother, [J.M.], [] and her step-father[,]

---

[1] The Probate, Estates and Fiduciaries Code (the Code) defines an incapacitated person as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that [s]he is partially or totally unable to manage h[er] financial resources or to meet essential requirements for h[er] physical health and safety." 20 Pa.C.S.A. § 5501.

Anthony [M.] (Anthony).  On October 3, 2022, [J.M.] filed a Petition for Guardian of the Person and Estate seeking guardianship of C.B. and asking the court to appoint [J.M.] as plenary guardian of C.B.'s person and estate.  Following an evidentiary hearing on November 10, 2022, and in consideration of the expert report submitted by [] Gary C. Smith, M.D., the orphans' court found that C.B. suffers from Autism Spectrum disorder, seizure disorder, and blindness, [and] that [these disorders] totally impair her capacity to receive and evaluate information effectively, and to make and communicate decisions regarding the management of her personal and financial affairs.  Pursuant [to] these findings, the [orphans'] court issued a final order dated November 10, 2022, and an amended final order on November 28, 2022, adjudicating C.B. an Incapacitated Person and appointing [J.M.] as plenary guardian of C.B.'s person and estate.

Orphans' Court Opinion, 8/22/25, at 1-2 (footnotes omitted; punctuation modified).  No appeal of that order was filed.

The orphans' court explained that

[o]n November 14, 2023, [J.M.] filed a Petition for Protection from Abuse [(PFA)][2] against Appellant following an incident at C.B.'s school, Western Pennsylvania School for Blind Children. Appellant had given C.B. an audiobook to listen to at school that included a recording of his voice stating,

[t]ell Anthony that you hope his heart explodes from all the steroids he did. The rage will make his heart explode someday.  Remember to tell him he's an asshole.  Tell him he's a fucking asshole, C.B.

School officials discovered the recording and proceeded to inform [J.M.], leading her to file the PFA petition.  Due to the highly inappropriate nature of Appellant's behavior in providing this recording to his daughter, and concerns that it may cause C.B. distress or to echo such language, C.B.'s school banned Appellant from school property and prohibited him from contact with C.B. while she was at school.  Following a hearing before [The

_____

[2] **See** 23 Pa.C.S.A. §§ 6101-6122.

Honorable] Jesse Pettit on November 22, 2023, the request for a final [PFA] order was denied. Although he declined to enter a protective order, Judge Pettit did advise [J.M.] that she had the right to restrict Appellant's visitation with C.B. based on Appellant's behavior.

*Id.* at 2-3 (footnotes in original omitted; one footnote added; punctuation and formatting modified).

Relevant to this appeal,

[o]n August 19, 2024, Robert P. Vincler, Esquire, filed a Petition for Guardianship Review (August Petition) on behalf of Appellant. The [August] Petition contained no allegations that [J.M.] was failing to perform her duties as guardian. The [August] Petition alleged only that Appellant had not been permitted to see C.B. since May of 2024, and the relief sought was Appellant's visitation with C.B. The orphans' court issued an order dated July 31, 2024, denying the [August Petition], as it sought only visitation with an adult incapacitated person and thus asked for no actionable relief.

Following the court's denial of Appellant's August Petition, Appellant retained new counsel, [] Michelle A. Ross, [Esquire,] and a Petition for Review Hearing to Modify Guardianship (review petition) was filed on February 24, 2025. [The review petition] alleged that [J.M.] was acting against C.B.'s best interests by prohibiting Appellant from visiting with her. … After reviewing the [review petition], [J.M.'s] Response, and the record in this case, the [orphans'] court issued an order dated March 20, 2025,[3] denying Appellant's request for a review hearing.

*Id.* at 3 (footnotes in original omitted; one footnote added; punctuation modified).

Appellant timely appealed the order denying his review petition. The orphans' court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise

_____

[3] The order was filed and docketed on March 21, 2025.

statement of matters complained of on appeal. However, the orphans' court attached to its order an opinion explaining its ruling.

Appellant presents the following issues for our review:

1. Whether the orphans' court's order [filed on] March [21], 2025, is a final, appealable order.

2. Whether the orphans' court erred and abused its discretion in denying [Appellant's] … petition for a review hearing to modify guardianship as frivolous, making credibility determinations and findings regarding the guardian's fiduciary status without first hearing argument or otherwise taking evidence at a review hearing.

Appellant's Brief at 3 (capitalization modified).

Appellant first challenges the orphans' court's determination that its order filed on March 21, 2025, is not a final, appealable order. *Id.* at 6. Appellant argues that, pursuant to 20 Pa.C.S.A. § 5512.2(a.1), "[a]t any time following the issuance of the order establishing guardianship, any interested party may file a petition with the court to terminate or modify the guardianship." *Id.* at 8 (quoting 20 Pa.C.S.A. § 5512.2(a.1)). Appellant asserts that as C.B.'s father, he is an "interested party." *Id.* Appellant claims his review petition alleged that J.M. failed to perform her duties, as C.B.'s guardian, and acted against C.B.'s best interests. *Id.* at 9. According to Appellant, an appeal is his only recourse from the orphans' court's order denying a review hearing. *Id.*

It is well-settled that "an appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3)

- 4 -

an interlocutory order by permission; or (4) a collateral order." ***In re Trust of John S. Middleton***, 313 A.3d 1090, 1095 (Pa. Super. 2024) (citation and brackets omitted).  The appealability of an order implicates our jurisdiction. ***Id.***

Pennsylvania Rule of Appellate Procedure 342 governs the appealability of interlocutory orphans' court orders and provides, in relevant part, that "[a]n appeal may be taken as of right from … [a]n order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship[.]" Pa.R.A.P. 342(a)(5); ***see also*** 20 Pa.C.S.A. § 102 (providing that the term "fiduciary" includes "personal representatives … subject to the jurisdiction of the orphans' court division"); ***id.*** (defining a "personal representative" as "an executor or administrator of any description").  The note to Rule 342 explains that subsection (a)(5) "stat[es] definitively that an order removing or refusing to remove a fiduciary is an immediately appealable order."  Pa.R.A.P. 342, *Note*.

Appellant's review petition sought, in relevant part, the appointment of himself or a neutral third party as guardian.  Review Petition, 2/24/25, ¶¶ 57, 59.  Thus, the orphans' court's order denying this relief determined J.M.'s status as a fiduciary.  Accordingly, we conclude the orphans' court's March 21, 2025, order denying Appellant's review petition is appealable as of right.  ***See*** Pa.R.A.P. 342(a)(5).

Appellant's second issue challenges the denial of the review hearing sought by the review petition. Appellant's Brief at 3, 9. Appellant claims the orphans' court was required by statute and rule to conduct a review hearing. *Id.* 7-11. Appellant first cites Pa.R.O.C.P. 14.9(c)(3) as requiring the orphans' court to promptly schedule a review hearing after a petition is filed. *Id.*

Regarding statutory authority, Appellant claims the orphans' court erred when it relied on a prior version of 20 Pa.C.S.A. § 5512.2(a), which identified the allegations required for granting a review hearing and allowed a court to dismiss a frivolous petition. *Id.* at 11. Appellant asserts that "the required allegations and authority to dismiss for frivolity [were] removed from 20 Pa.C.S.[A.] § 5512.2(a.1) in June 2024 ...." *Id.* at 12.[4]

Appellant distinguishes the two cases relied upon by the orphans' court: *Estate of Haertsch*, 649 A.2d 719 (Pa. Super. 1994), and *In re N.J.B.*, 302 A.3d 1214 (Pa. Super. 2023). Appellant's Brief at 13-15. Appellant points out that both cases predated amendments to the statute, and involved either (a) a prior child-visitation order; or (b) a claim of court error based upon the lack

---

[4] Appellant points out that the Pennsylvania legislature has again amended subsection 5512.2(a.1). Appellant's Brief at 12. According to Appellant, the new version requires the court to schedule a review hearing within 30 days after a petition is filed, and to conduct a review hearing no later than 60 days after the petition is filed. *Id.* Appellant claims the orphans' court's denial of his right to be heard "was improper as against the statutes' clear legislative intent." *Id.* at 13.

of a visitation provision. *Id.* at 14. Appellant points out that his review petition involves neither scenario. *Id.* at 14-15.

Instantly, Appellant claims reversible error based upon the orphans' court's "failure to hear testimony and evidence when his [review] petition contained the requisite allegation and sufficient grounds for a hearing." *Id.* at 14. Appellant argues the orphans' court violated not only the guardianship laws, but his constitutional right to due process. *Id.* at 15.

Our standard of review of an orphans' court's decision is deferential. *In re Estate of Strahsmeier*, 54 A.3d 359, 362 (Pa. Super. 2012).

> The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the orphans' court's findings, our task is to ensure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

*In re Est. of A.J.M.*, 308 A.3d 844, 852 (Pa. Super. 2024) (quoting *In re Estate of Bechtel*, 92 A.3d 833, 837 (Pa. Super. 2014)).

Initially, we observe that the duties of the guardian of an incapacitated person are defined at 20 Pa.C.S.A. § 5521, which provides, in relevant part, as follows:

> **(a) *Duty of guardian of the person.*** It shall be the duty of the guardian of the person to assert the rights and best interests of

the incapacitated person. Expressed wishes and preferences of the incapacitated person shall be respected to the greatest possible extent. Where appropriate, the guardian shall assure and participate in the development of a plan of supportive services to meet the person's needs which explains how services will be obtained. The guardian shall also encourage the incapacitated person to participate to the maximum extent of [her] abilities in all decisions which affect [her], to act on [her] own behalf whenever [s]he is able to do so and to develop or regain, to the maximum extent possible, [her] capacity to manage his personal affairs.

20 Pa.C.S.A. § 5521(a).

Regarding requests for a review hearing, on February 24, 2025, the date Appellant filed his review petition, 20 Pa.C.S.A. § 5512.2(a.1) provided as follows:[5]

> **(a.1) Petition for review.** At any time following the issuance of the order establishing guardianship, any interested person may file a petition with the court to terminate or modify the guardianship. The court shall promptly schedule a hearing or hold a review hearing at any time it shall direct. The hearing shall be held in the presence of the incapacitated person and the incapacitated person's attorney, and the court shall adhere to the procedures and standards as outlined in section 5512.1(a). If, following the presentation of evidence and testimony from all parties, the court finds that guardianship continues to be necessary and that no less restrictive

---

[5] To the extent that our disposition of this appeal requires us to engage in statutory interpretation, we note that the task of interpreting a statute is guided by the Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1501-1991 (Statutory Construction Act). The Statutory Construction Act provides that the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b). "As a general rule, the best indication of legislative intent is the plain language of a statute." *Malt Beverages Distribs. Ass'n v. Pennsylvania Liquor Control Bd.*, 974 A.2d 1144, 1149 (Pa. 2009).

alternatives exist, the court may order that the guardianship continue. If the court finds that guardianship is no longer necessary or a less restrictive alternative exists, the court shall discharge the guardianship.

*Id.* § 5512.2(a.1).[6]

Pennsylvania Rule of Orphans' Court Procedure 14.9, governing review hearings, provides, in relevant part, as follows:

> **(a) Initiation**. A review hearing may be requested by petition, ordered by the court upon its own initiative, or set forth in the order adjudicating incapacity and appointing a guardian. **The procedure for conducting a review hearing shall meet all requirements set forth at 20 Pa.C.S. § 5512.2**.
>
> * * *
>
> **(c) Petition**.
>
> **(1)** A petition for a review hearing shall set forth:

---

[6] The prior version of Section 5512.2 identified the allegations necessary to obtain a review hearing, and permitted the dismissal of a review petition based upon frivolity:

> *(a) Time of hearing. —* The court may set a date for a review hearing in its order establishing the guardianship or hold a review hearing at any time it shall direct. The court shall conduct a review hearing promptly if the incapacitated person, guardian or any interested party petitions the court for a hearing for reason of a significant change in the person's capacity, a change in the need for guardianship services or the guardian's failure to perform his duties in accordance with the law or to act in the best interest of the incapacitated person. The court may dismiss a petition for review hearing if it determines that the petition is frivolous.

20 Pa.C.S.A. § 5512.2 (effective prior to June 11, 2024).

**(i)** the name, age, address, and mailing address, if different, of the petitioner and the petitioner's relationship to the incapacitated person;

**(ii)** the date of the adjudication of incapacity;

**(iii)** the names and addresses of all guardians;

**(iv)** if the incapacitated person has been a patient in a mental health facility, the name of such facility, the date of admission, and the date of discharge;

**(v)** the present address of the incapacitated person, and the name of the person with whom the incapacitated person is living;

**(vi)** the names and addresses of the presumptive intestate heirs of the incapacitated person and whether they are *sui juris* or *non sui juris*;

**(vii)** whether the incapacitated person is represented by counsel and, if so, the name and address of counsel; and

**(viii)** averments setting forth why the guardianship should be terminated or modified, including averments pertaining to the findings required by 20 Pa.C.S.[A.] § 5512.1(a)(1)-(a)(4).

* * *

**(3) Hearing. The review hearing shall be conducted promptly after the filing of the petition** with notice of the hearing served upon those served with the petition pursuant to subdivision (c)(2).

Pa.R.O.C.P. 14.9 (emphasis added).

Instantly, our review discloses that in his review petition, Appellant claimed to be an interested person based upon the fact that he is C.B.'s father and "next-of-kin." Review Petition, 2/25/25, ¶ 26. Relevantly, Appellant's petition averred it sought modification of the existing guardianship order "due to the failure of the Guardian to perform duties in the best interest of the

incapacitated person, and due to a change in the need for guardianship services." *Id.*, Section IV. Appellant's petition requested the appointment of counsel for C.B. for purposes of the review hearing.[7] *Id.* ¶ 34. In support, Appellant referred to a letter from J.M.'s counsel stating J.M.'s reasons for restricting Appellant's communications/contact with C.B. *Id.* ¶¶ 40-42. Appellant points out that the PFA court ultimately denied J.M.'s request for a final PFA order. *Id.* ¶ 8.

Appellant's review petition alleged that J.M. had acted against C.B.'s best interests by prohibiting Appellant from contact with C.B., communicating the prohibition to C.B.'s school and local authorities, and threatening Appellant that his noncompliance with the prohibition will be deemed harassment. *Id.* ¶ 45. Appellant further objected to J.M.'s withholding from him information

---

[7] Appellant's petition additionally pointed out alleged deficiencies in the 2022 guardianship proceedings that determined C.B.'s incapacity. Review Petition, 2/25/25, ¶¶ 9-18. The review petition nevertheless averred the following:

> 19. … [Appellant] does not dispute, and in fact agrees with [the orphans' court's] findings of total incapacity and the need for guardianship services, as well as the need to appoint a permanent plenary guardian of both [C.B.'s] person and estate.

> 20. Rather than wasting the judicial resources needed to conduct the guardianship proceedings over again, only to likely reach most or all of the same conclusions, the existing guardianship order may [] instead be modified at the conclusion of a review hearing. 20 Pa.C.S.A. § 5517.

*Id.* ¶¶ 19-20.

related to C.B., including a recent surgical procedure. *Id.* ¶ 49. Appellant asserted that J.M.'s failure to perform her duties as C.B.'s guardian has resulted in the need for a change in guardianship services, and warrants modification of the guardianship order. *Id.* ¶¶ 50-51. Appellant requested that he be named as C.B.'s guardian or co-guardian. *Id.* ¶¶ 55-56.

In its opinion, the orphans' court concluded that Appellant "provided no proper grounds for a review hearing or modification of [J.M.'s] guardianship." Orphans' Court Opinion, 8/22/25, at 5. According to the orphans' court,

> [t]o establish sufficient grounds for a review hearing, [A]ppellant must allege [] either (1) that C.B. has regained capacity, (2) that her needs have changed, (3) that a less restrictive alternative is available other than guardianship, or (4) that [J.M.] is failing in her duties as guardian.

*Id.* (footnote omitted). However, the requirements stated by the trial court are from a prior version of 20 Pa.C.S.A. § 5512.2(a.2), not the version in effect at the time Appellant filed his petition. *See* 20 Pa.C.S.A. § 5512.2(a.1) (West 2025). At the time Appellant filed his petition, there was no statutory requirement that he allege "a significant change in the person's capacity, a change in the need for guardianship services or the guardian's failure to perform his duties in accordance with the law or to act in the best interest of the incapacitated person." *Id.* The amendment to Section 5512.2, removed

the orphans' court's authority to to dismiss a review petition based upon frivolity.[8]

We additionally observe that in its opinion, the orphans' court addressed the substantive merits of Appellant's claim that J.M. acted against C.B.'s best interests. In doing so, the orphans' court rendered the following factual findings, without the benefit of any evidence presented at a review hearing:

> [Appellant] bases [his] allegation solely on [J.M.'s] decision to restrict him from visiting with C.B. As such, Appellant has failed to establish grounds for a review hearing, as [J.M.'s] decision to bar Appellant from visiting C.B. is not against [C.B.'s] best interests. The decision was not based on [J.M.'s] disdain for Appellant but rather Appellant's own actions surrounding the incident at C.B.'s school. Appellant recorded himself using extremely profane language and encouraging C.B. to tell her stepfather that she "hopes his heart explodes" and to say that her stepfather was "a fucking asshole."
>
> This behavior is extremely inappropriate under any circumstances but particularly harmful to C.B. in her condition. The incident caused her school to ban Appellant from the premises and from interreacting with C.B. while she is on school grounds. Appellant claims in the February Petition that it was J.M. who contacted the school and had them ban Appellant, but this is inaccurate. After hearing the profane and inappropriate message Appellant recorded on an audiobook and provided to C.B., the school made an independent determination that further interaction with Appellant would be harmful to C.B. and against her best interests.
>
> Following this incident, [J.M.] has refused to allow Appellant to visit C.B. out of concern for the detrimental effect he would have on her. This is clearly within [J.M.'s] authority as guardian to act within C.B.'s best interests and to protect her health, safety, and welfare. Appellant acted directly against the best interests of his

_____

[8] We also observe that the cases cited by the orphans' court, **Estate of Haertsch**, and **In re N.J.B.**, involved the interpretation of prior versions of Section 5512.2.

- 13 -

child by gifting her a profane recording disparaging C.B.'s stepfather and wishing him death.

Orphans' Court Opinion, 8/22/25, at 6 (footnotes omitted; punctuation and capitalization modified). Appellant argues that the orphans' court violated his due process rights by not conducting a hearing. Appellant's Brief at 15-18.

"Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *S.T. v. R.W.*, 192 A.3d 1155, 1161 (Pa. Super. 2018); *see also In re J.N.F.*, 887 A.2d 775, 781 (Pa. Super. 2005). "Due process is flexible and calls for such procedural protections as the situation demands." *In re Adoption of Dale A., II*, 683 A.2d 297, 300 (Pa. Super. 1996).

Instantly, the orphans' court rendered factual findings without affording Appellant an opportunity to be heard and the chance to defend himself against the allegations. As a result, the orphans' court deprived Appellant of his right to procedural due process. *See S.T.*, 192 A.3d at 1161; *J.N.F.*, 887 A.2d at 781; *Adoption of Dale A.*, 683 A.2d at 300.

Finally, as stated above, Appellant's review petition alleged that he is an interested person (as C.B.'s father), and that J.B. failed to act in C.B.'s best interest by prohibiting Appellant from communicating with C.B. Appellant's review petition sought to change guardians, or to appoint him a co-guardian of C.B. Under these circumstances, the 2025 version of Section 5512.2(a.1) required the orphans' court to schedule a prompt review hearing. *See* 20

Pa.C.S.A. § 5512.2(a.1) (West 2025); Pa.R.O.C.P. 14.9(c)(3). The orphans' court, instead, improperly applied a version of 20 Pa.C.S.A. § 5512.2(a.1) no longer in effect, and rendered factual findings without affording Appellant procedural due process. For these reasons, we are constrained to vacate the orphans' court's order and remand for a review hearing on Appellant's review petition.

Order vacated. Case remanded for further proceedings in accordance with this memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/23/2026